David A. Chami, #027585
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

*Attorneys for Plaintiff,*
*Tyler Cook*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Tyler Cook,

Plaintiff,

v.

Mountain America Federal Credit Union; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion, LLC,

Defendants.

Case No.: 2:18-cv-01548-PHX-HRH

**CASE MANAGEMENT CONFERENCE REPORT**

## I. General Information

A. In accordance with Rules 16 and 26(f), Federal Rules of Civil Procedure, a conference was held on **6/26/18** and was attended by:

David A. Chami, attorney for Plaintiff Tyler Cook

Adiba Jurayeva, counsel for Equifax Information Services, LLC

Solomon S. Krotzer, counsel for Mountain America Federal Credit Union

Sheereen Javadizadeh, counsel for Experian Information Solutions, Inc.

Neil Stuart, counsel for TransUnion

B. Status of defendant parties:

       Mountain America Federal Credit Union: Served on 5/24/18

Experian Information Solutions, Inc.: Served on 5/24/18

Equifax Information Services, LLC: Served on 5/24/18

TransUnion, LLC: Served on 6/6/18

C. Set out the status of related cases pending before other courts or other judges of this court : **Not Applicable**

D. It is recommended that this case be assigned to the **standard** track for purposes of case management.

**II. Rule 26(f) Discovery Plan**

A. Initial Discovery. Initial discovery must be made in accordance with General Order 17-08. Initial discovery is mandatory. Initial discovery replaces Rule 26(a) initial disclosures. Except in special circumstances, initial discovery may not be waived or deferred.

1. As to each conference participant, state:

   a) When initial discovery was made; or

   b) When initial discovery will be made;

   *<and>*

   c) If Mandatory Initial Discovery Project (MIDP) compliance issues have arisen, describe each such issue and how it was resolved. If not resolved, state each party's proposal for resolution and attach a copy of the discovery issue in question. A case management conference with the court will be convened if there are discovery issues that cannot be resolved by the court on the basis of this report.

   Plaintiff: Initial discovery will be made by **7/13/18.** No issues have arisen.

   MACU: Initial discovery will be made by **07/13/2018**. No issues have arisen.

      Experian: Initial discovery will be made by **7/13/18.** No issues have arisen.

Equifax: Initial discovery will be made by **7/13/18.** No issues

TransUnion: As Trans Union's deadline to answer or otherwise respond to the Complaint is July 13, 2018, Trans Union will serve its initial discovery responses on or before August 13, 2018.

2. Mandatory initial discovery must be timely supplemented. See page 6, Section II.H of this form.

3. The requirements of Rule 7.1, Federal Rules of Civil Procedure:

   a) **_X__** Have been complied with.

   b) _____ Compliance will be accomplished on or before ____.

   c) _____ Rule 7.1 is not applicable.

B. General Discovery

1. Should discovery be conducted in phases?

Yes____ No **_X__** (If yes, explain.)

Or should discovery be limited to or focused on particular issues?

Yes___ No **_X__** (If yes, explain.)

2. Discovery employing Rules 30, 31, 33, 34, 35, and 36 may be commenced by a party only after the party has complied with the mandatory initial discovery requirements.

C. Subjects and timing. See Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed.

Plaintiff: Discovery may be needed to obtain information related to Equifax, Experian, and TransUnion's handling of disputes, investigation policies, and procedures. Discovery may also be needed to obtain information related to Plaintiff's account with MACU. Discovery may

further be needed to obtain information regarding MACU's policies and procedures when selling or assigning debts.

MACU: MACU anticipates that discovery may be needed concerning the following general categories: information/documents pertaining to the allegations set forth in the Complaint, information/documents pertaining to communications between Plaintiff/MACU/Defendants, information/documents pertaining to communications between other third party creditors Plaintiff sought credit with, information/documents pertaining to communications with third parties such as health care professionals as necessary to obtain information concerning Plaintiff's alleged damages, information/documents pertaining to Plaintiff's alleged damages including bank records, medical records or other records depending on the types of damages that Plaintiff is seeking, information/documents pertaining to causation.  MACU reserves the right to supplement as discovery progresses and more information comes to light.

Experian: Experian anticipates conducting discovery on the following subjects (among others): (1) the facts and circumstances surrounding the allegations in Plaintiff's Complaint; (2) communications between Plaintiff and Defendants; (3) communications between Plaintiff and third parties, including, including Plaintiff's health care professionals, individuals or entities extending credit to Plaintiff, and individuals or entities with whom Plaintiff has applied for credit; (4) the facts and circumstances surrounding Plaintiff's alleged damages; and (5) causation relating to Plaintiff's alleged damages.

Equifax: Equifax anticipates conducting discovery on Plaintiff's relevant personal and credit history, communications with Equifax, those matters alleged in the Complaint, and any alleged damages.

Trans Union: Trans Union anticipates conducting discovery on the following subjects (among others): (1) the facts and circumstances surrounding the allegations in Plaintiff's Complaint; (2) communications between Plaintiff and Defendants; (3) communications between Plaintiff and third parties, including Plaintiff's health care professionals, individuals or entities extending credit to Plaintiff and individuals or entities with whom Plaintiff has applied for credit; (4) the facts and circumstances surrounding Plaintiff's alleged damages; and (5) causation relating to Plaintiff's alleged damages.

2. Time for completion of discovery:

a) Absent good cause, the proposed dates for completion of all discovery should be no later than fourteen months from the date of this report. If one or both parties contend that good cause exists for additional time for discovery, please explain

b) All discovery will be completed on or before______;

*<or>*

c) Fact discovery will be completed on or before **3/12/19**; and

d) Expert discovery will be completed on or before **4/9/19.**

D. Experts.

1. Expert disclosures (reports) required by Rule 26(a)(2) will be made:

a) By all parties on or before **3/26/19**; or

b) By plaintiff(s) on or before _________, and by defendant(s) on or before _________;

    c) Rebuttal reports on or before 30 days from the service of the report being rebutted.

2. Expert reports and expert discovery must be timely supplemented. See Section II.H of this form.

E. Electronically Stored Information (ESI). Are there issues about the disclosure, discovery, or preservation of electronically stored information (ESI), including the form or format in which it should be produced? See Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

Yes____ No **_X**

1. If yes, please identify the issue(s).

2. If these issues have been resolved, state the parties' agreement as to these matter(s) such as requirements and limits on preservation, disclosure, and production of ESI, ESI search procedures (including custodians and search terms), or other use of technology assisted review and the form in which ESI will be produced. See General Order 17-08 at 6, ¶ C.2.

3.If the parties have been unable to resolve disputes regarding ESI, those disagreements shall be presented to the court in accordance with Sections III.A and III.B.2 of this form.

F. Claims of Privilege of Protection of Attorney Work Product. See Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. **_X_** There is no indication that this will be an issue.

2. ___ The parties have entered into a confidentiality agreement.

3. ___ The parties will submit their proposed confidentiality agreement on or before: _____

G. Limitations on Discovery. See Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. __X__ The limitations contained in Rules 26(b), 30 and 33, Federal Rules of Civil Procedure, and Local Rule (Civil) 36.1 will apply except as indicated below.
2. ___ The maximum number of depositions by each party **of any other party** will not exceed **5, without first obtaining leave of Court.**
   a) ___ Depositions will not exceed **7** hours as to any deponent.
   b) ___ Depositions will not exceed **4** hours as to non-party deponents.
   c) ___ Deponents will not exceed **7** hours as to party deponents.
3. _____ The maximum number of interrogatories posed by each party will not exceed **25, including sub-parts.**
4. _____ The maximum number of requests for admissions posed by each party will not exceed **25.**
5. _____ Other limitations: **The maximum number of request for production of documents from one party to any other party shall not exceed 35, including all sub-parts.**

**Plaintiff: Plaintiff opposes the discovery limitations proposed above. Plaintiff does not agree to deviating from the Federal Rules of Civil Procedure related to discovery requests. The limitations contained in Rules 26(b), 30 and 33, Federal Rules of Civil Procedure, and Local Rule (Civil) 36.1 should apply.**

H. Supplementation of expert disclosures and discovery responses. See Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure.

1. All discovery responses and expert disclosures (reports) including expert deposition testimony must be supplemented timely,
   a) __X__ but not later than 30 days after new information is discovered by or revealed to a party; or
   b) _____ but at intervals of 30 days;

*<and>*

2. Final supplements of disclosures and discovery responses must occur by 30 days prior to the close of fact discovery/expert discovery.

I. Final Witness List. A final witness list disclosing all lay and expert witnesses whom a party may wish to call at trial shall be served and filed not less than 45 days prior to the close of discovery.

**III. Pretrial Motions**

A. ___ Are there preliminary motions as to jurisdiction, venue, arbitration, statutes of limitation, and discovery of ESI that should be given early attention?

Yes ___ No **X**

1. ___ If yes, please describe such motion(s).
2. ___ Such motion(s) shall be filed by _____.
3. ___ Disputes regarding ESI shall be presented employing the procedure set out in III.B.2, below.

B. ___ Non-dispositive Motions:

1. ___ Motions to amend pleadings or add parties shall be served and filed not later than **9/28/18**
2. ____ Discovery disputes shall be presented to the court as soon as discovery problems are identified, but not later than 15 days after the close of discovery unless the parties here suggest otherwise. If the meet-and-confer process fails to resolve disagreements regarding mandatory initial discovery or discovery requests (see Rule 37(a)(1)), the parties shall present that dispute to the court in a single, joint motion, stating the issue, any applicable rules, and each party's proposed disposition of the dispute. Counsel's signature on the joint motion shall constitute compliance with Rule 26(g). The joint motion must contain the Rule 37(a)(1) certification. The court may resolve the dispute based upon the

parties' presentations or after a conference call. At a conference, the court may authorize the filing of a discovery motion.

3. ___ Motions in limine shall be served and filed not later than 30 days following the later of the date for the filing of dispositive motions or the date of the court's ruling on timely dispositive motions.

C. ___ Dispositive motions shall be served and filed not later than **5/17/19**, and shall be processed in accordance with the Federal Rules of Civil Procedure:

1. ___ Other provisions:

2. ___ Notice to the parties: motions for summary judgment shall be brought pursuant to Rule 56, Federal Rules of Civil Procedure, not Local rule 56.1(a) and (b). Do not file a separate statement of facts. Such a filing will be stricken.

**IV. Other Provisions**

A. If there are unresolved issues regarding objections to a party's initial discovery, a case management conference with the court may be scheduled within approximately seven days of the filling of the parties' Case Management Conference Report. Do the parties request a case management conference with the court for purposes of discussing other matters?

Yes___ No **_X_** (If yes, please explain.)

B. Do the parties consent to trial before a magistrate judge?

Yes ___ No **_X_**

C. Early settlement/alternative dispute resolution.

1. ____ Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

Yes ___ No **X**

2. ___ Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

Yes **_X_** No ___

**V. Trial**

A. The case is expected to take **3-4** days to try.

B. Has a jury trial been demanded? **Yes.**

C. Is the right to jury trial disputed? **The right to jury trial is not disputed.**

D. When discovery is closed and dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

**VI.     Report Form**

A. Have counsel experienced a problem in using this form? **No problems have been experienced by counsel.**

B. Are there subjects which counsel would like to see added to this form?

The parties agree that there may be a need for discovery in this case to be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. Such jointly proposed protective orders must include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

RESPECTFULLY SUBMITTED,

DATED: July 6, 2018              **PRICE LAW GROUP, APC**

By:*/s/David A. Chami*
David A Chami, #027585
T: (818) 600-5515
david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tyler Cook*

DATED: July 6, 2018     **COHEN DOWD QUIGLEY**

*/s/J. Neil Stuart*
Daniel P. Quigley (009809)
J. Neil Stuart (028569)
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
*Attorneys for Trans Union LLC*

DATED: July 6, 2018     **HOUSER & ALLISON,**
**A Professional Corporation**

*/s/Solomon S. Krotzer*
Robert W. Norman
Solomon S. Krotzer
*Attorneys for Defendant Mountain America Federal Credit Union*

DATED: July 6, 2018     **SNELL & WILMER L.L.P.**

By:*/s/Adiba Jurayeva*
Adiba Jurayeva (#031650)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6479
Facsimile: 602.382.6070
Cell: 520.229.7246
E-Mail: ajurayeva@swlaw.com
*Attorneys for Defendant Equifax Information Services LLC*

DATED: July 6, 2018     **JONES DAY**

By:*/s/Sheereen Javadizadeh*
Sheereen Javadizadeh

Admitted Pro Hac Vice
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone: 949.851.3939
Fax: 949.553.7539
Email: sjavadizadeh@jonesday.com

Emily Gildar Wagner, Esq.
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, AZ 85004-2202
Telephone: 602-382-6000
Facsimile: 602-982-6070
Email: ewagner@swlaw.com
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/Elizabeth Nanez*