WO   IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tyler Cook,                                      )
                                                 )
                          Plaintiff,             )
                                                 )
    vs.                                          )
                                                 )
Mountain America Federal Credit Union;           )
Experian Information Solutions, Inc.; Equifax    )
Information Services, LLC; and TransUnion,       )
LLC,                                             )
                                                 )   No. 2:18-cv-1548-HRH
                          Defendants.            )
_____)

O R D E R

Motion to Dismiss;
Motion to Amend

Defendant Mountain America Federal Credit Union moves to dismiss plaintiff's claims against it.[1] This motion is opposed,[2] and plaintiff moves for leave to amend his complaint.[3] Plaintiff's motion for leave to amend is opposed.[4] Oral argument was requested but is not deemed necessary.

---

[1]Docket No. 16.

[2]Docket No. 23.

[3]Docket No. 24.

[4]Docket No. 27.

Background

Plaintiff Tyler Cook purchased a vehicle on March 6, 2013, which he financed with a loan provided by defendant Mountain America Federal Credit Union.[5] "Plaintiff fell behind on his vehicle payments and the vehicle was repossessed and sold at auction."[6] Plaintiff alleges that "[i]n December of 2015, the deficiency balance for the vehicle was assigned to Financial Assistance, Inc. . . . , a debt collector."[7] Plaintiff alleges that "[d]espite the assignment of the deficiency balance to the debt collector, Mountain America continues to report a balance of $13,651.00 and updates the account as [a] 'charge off.'"[8] Thus, plaintiff alleges that both Financial Assistance and Mountain America are reporting this same debt, and that the only difference is that Financial Assistance reports the debt amount as $13,652 and Mountain America reports the debt amount as $13,651.[9]

Plaintiff alleges that he has complained more than once to defendants Experian Information Solutions, Inc; Equifax Information Services, LLC; and TransUnion, LLC about this duplicate reporting but none of them has done anything about it.[10] Plaintiff alleges that he has also sent two letters to Mountain America about the double reporting, but that

---

[5] Complaint at 4, ¶ 13, Docket No. 1.

[6] Id. at 4, ¶ 14.

[7] Id. at ¶ 15.

[8] Id. at ¶ 16.

[9] Id. at ¶¶ 16-17.

[10] Id. at 4-5, ¶¶ 18-21; 23; 25-28; 30.

-2-

Mountain America has never responded.[11] Plaintiff alleges that "[d]ue to [d]efendants reporting, [he] has been denied credit for the purchase of a new home" and that he has had "multiple rental applications denied[.]"[12] Plaintiff alleges that the problem with his credit has "caused an enormous stress on his marriage" and "caused [him] to suffer extreme emotional distress as well as many sleepless nights."[13]

On May 22, 2018, plaintiff commenced this action. In his complaint, plaintiff asserts a Fair Credit Reporting Act (FCRA) claim against Mountain America.

On June 13, 2018, Mountain America answered plaintiff's complaint.[14] On the same day but a few minutes later, Mountain America filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.[15] The motion to dismiss is ready for disposition as is plaintiff's motion for leave to amend.

Discussion

"Under the law of the 9th Circuit, where a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is filed after an answer is filed, a court may deny the motion to dismiss as untimely, or the court may consider the Rule 12(b)(6) motion

---

[11]Id. at 5-6 ¶¶ 24, 29.

[12]Id. at 6, ¶¶ 31-32.

[13]Id. at ¶¶ 33, 35.

[14]Docket No. 15.

[15]Docket No. 16.

-3-

to dismiss as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 479 (C.D. Cal. 1993). The court perceives no reason not to consider Mountain America's motion to dismiss as a Rule 12(c) motion.

In order to survive a Rule 12(c) motion, a complaint must "contain[] 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] claim [is] plausible when a plaintiff pleads sufficient facts to allow the [c]ourt to draw a reasonable inference of misconduct, but the [c]ourt is not required 'to accept as true a legal conclusion couched as a factual allegation.'" Id. (quoting Iqbal, 556 U.S. at 678).

As an initial matter, there is some disagreement between the parties as to compliance with Local Rule 12.1(c). Rule 12.1(c) provides that a Rule 12(b)(6) or Rule 12(c) motion will not be considered unless the motion "includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." In Mountain America's motion, its counsel states that he "sent an email to [p]laintiff's counsel, attaching a draft version of this motion to dismiss, notifying [p]laintiff of the issues asserted to determine if the parties were able to agree on a permissible amendment. After exchanging emails, the parties were not able to agree on a permissible

amendment."[16] Plaintiff contends that the parties were still discussing the issues raised in the motion to dismiss when Mountain America filed the instant motion and suggests that the instant motion to dismiss was premature. However, the emails exchanged indicate that Mountain America believed that plaintiff had not stated a plausible FCRA claim and that plaintiff was standing by his allegations.[17] The emails do not indicate that it was likely that the parties were going to reach agreement as to a permissible amendment. Defense counsel adequately complied with Rule 12.1(c).

Turning then to the merits of the motion to dismiss, the FCRA was enacted "'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). "[T]he FCRA imposes some duties on the sources that provide credit information to [consumer reporting agencies (CRAs)], called 'furnishers' in the statute." Id.

"Section 1681s–2 [of the FCRA] sets forth '[r]esponsibilities of furnishers of information to consumer reporting agencies,' delineating two categories of responsibilities." Id. at 1154. "Subsection (a) details the duty 'to provide accurate information[.]" Id. However, "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." Id.

---

[16]Motion to Dismiss Complaint at 5, Docket No. 16.

[17]Exhibits 1 and 2, Plaintiff's Opposition to Defendant Mountain America's Motion to Dismiss, Docket No. 23.

"Section 1681s–2(b) imposes a second category of duties on furnishers of information." Id.

> Subsection 1681s–2(b) provides that, after receiving a notice of dispute, the furnisher shall:
>
> > "(A) conduct an investigation with respect to the disputed information;
> >
> > (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2) . . . ;
> >
> > (C) report the results of the investigation to the [CRA];
> >
> > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . . ; and
> >
> > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) . . . (i) modify . . . (ii) delete[or] (iii) permanently block the reporting of that item of information [to the CRAs]."

Id. (quoting 15 U.S.C. § 1681s–2(b)(1)). "These duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Id. "The FCRA expressly creates a private right of action for willful or negligent noncompliance" with these requirements. Id.

Plaintiff alleges that Mountain America willfully and negligently furnished inaccurate information to credit reporting agencies, failed to conduct an investigation, failed to review

-6-

all relevant information, failed "to report the inaccurate status of the inaccurate information to all credit reporting agencies[,]" and failed to participate in the investigations conducted by the credit reporting agencies.[18] Mountain America argues that plaintiff has failed to state a plausible Section 1681s–2(b) claim.

> A claim under 15 U.S.C. § 1681s–2(b) requires a plaintiff "to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. 1681s–2(b)(1)(A)–(E)."

Heras v. Nelnet, Inc., Case No. CV 16–6388 FMO (PLAx), 2017 WL 4586334, at *5 (C.D. Cal. April 28, 2017) (quoting Moses v. Experian Info. Sols., Inc., 2016 WL 3670068, *2 (N.D. Cal. April 28, 2016)).

Mountain America argues that plaintiff has not alleged that any information on his credit report is inaccurate. "[A]n item on a credit report can be 'incomplete or inaccurate' . . . 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 890 (9th Cir. 2010) (quoting Gorman, 584 F.3d at 1163). Mountain America points out that plaintiff has not disputed that there was a deficiency of $13,651 after his truck was sold at auction. Mountain America argues that it is accurately

---

[18]Complaint at 7, ¶ 39, Docket No. 1.

reporting that plaintiff owes this debt. Mountain America argues that there is nothing inaccurate or misleading in reporting that plaintiff owes it $13,651, that it has charged off this loan, and that the loan has been assigned to a debt collector. Thus, Mountain America argues that plaintiff cannot state a plausible FCRA claim against it.

Citing various authorities, plaintiff argues that at the pleading stage, he only has to plead how the information reported is inaccurate, which he contends he has done. He has alleged that Mountain America's reporting is inaccurate because it is duplicative of the reporting by Financial Assistance. Plaintiff argues that it is reasonable to infer that he does not owe the debt to both Mountain America and Financial Assistance. Plaintiff argues that even if what Mountain America is reporting is technically correct, it is misleading in that it suggests that plaintiff owes two debts of more than $13,000.

In reply, Mountain America argues that none of the authorities cited by plaintiff stand for the proposition that it is not allowed to report plaintiff's debt after it was assigned to a debt collector. Mountain America insists that plaintiff has failed to provide any legal support for his contention that reporting a duplicate debt constitutes inaccurate reporting under the FCRA.

The court is not convinced that plaintiff's FCRA claim against Mountain America is implausible. There is only one $13,651 debt owed by plaintiff. Mountain America is reporting the $13,651 debt that has been assigned to a debt collector, knowing that the debt collector will report the debt as well. It is plausible that the double reporting of plaintiff's debt would mislead and adversely affect credit decisions.

But even if plaintiff has plausibly alleged an inaccuracy, which he has, plaintiff's claim against Mountain America is subject to dismissal for a reason not raised by Mountain America. As set out above, a necessary element of a Section 1681s-2(b) claim is that the consumer reporting agency notified the furnisher of the alleged dispute. Nowhere in his original complaint does plaintiff allege that the credit reporting agencies notified Mountain America about the disputed information. Thus, plaintiff has failed to state a plausible FCRA claim against Mountain America. Plaintiff's FCRA claim against Mountain America is dismissed.

Mountain America argues that plaintiff's FCRA claim against it should be dismissed with prejudice because amendment would be futile. Plaintiff, in response, moves for leave to amend his complaint to add Financial Assistance, Inc. as a defendant and to provide a more detailed explanation of why duplicate reporting is inaccurate reporting under the FCRA.

"Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Fed. R. Proc. 15(a)). "This policy is 'to be applied with extreme liberality.'" Id. (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The court may consider factors "'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[]'" when deciding whether to grant leave to amend. Id. (quoting Foman v. Davis, 371 U.S. 178,

182 (1962)). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. at 1052.

Mountain America argues that the additional allegations in plaintiff's proposed amended complaint do not cure the deficiencies of his claim against it. Mountain America argues that no amendment can make it plausible that there is inaccurate information on plaintiff's credit report, given that there is no dispute that plaintiff owes the $13,651 debt.

As discussed, above, plaintiff has plausibly alleged that his credit report was inaccurate/misleading as a result of Mountain America's reporting. Paragraph 22 of plaintiff's proposed amended complaint adds some clarity to his claim of inaccurate reporting stating that Mountain America's and Financial Assistance's reporting of the same debt "is inaccurate because it directly and clearly means that [p]laintiff is liable twice from the same debt."[19]

As for the notice problem, plaintiff has fixed this problem in his proposed amended complaint. In the proposed amended complaint, plaintiff alleges that Equifax, Experian, and TransUnion all notified Mountain America that plaintiff had raised an issue as to the duplicate reporting of the $13,651 debt.[20] This amendment is not futile and would not cause any prejudice to Mountain America given that this case is in the early stages of development.

---

[19] Proposed First Amended Complaint at 5, ¶ 22, attached to Motion for Leave to Amend Complaint, Docket No. 24.

[20] Id. at 5, ¶ 27; 6, ¶ 35; 7, ¶ 37.

Mountain America takes no position as to plaintiff's proposed addition of Financial Assistance as a defendant, and plaintiff contends that the other defendants are not opposed to this amendment. Plaintiff seeks to assert a Fair Debt Collection Practices Act claim against Financial Assistance based on allegations that Financial Assistance has used unfair and unconscionable means to collect a debt. Because this case is in the early stages of development, it is unlikely that there is any prejudice from allowing plaintiff to amend his complaint to add Financial Assistance as a defendant.

## Conclusion

Mountain America's motion to dismiss[21] plaintiff's FCRA claim asserted against it in plaintiff's original complaint is granted. Plaintiff's motion to amend[22] is also granted. Plaintiff shall serve and file his proposed amended complaint.

DATED at Anchorage, Alaska, this 3rd day of August, 2018.

/s/ H. Russel Holland
United States District Judge

---

[21]Docket No. 16.

[22]Docket No. 24.