W.O.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tyler Cook, )
)
                        Plaintiff, )
)
  vs. )
)
Mountain America Federal Credit Union, )
et al., ) No. 2:18-cv-1548-HRH
)
                     Defendants. )
_____)

O R D E R

Motion to Strike[1]

Plaintiff moves to strike defendant Mountain America Federal Credit Union's answer to plaintiff's first amended complaint. The motion is opposed. Oral argument has been requested but is not deemed necessary.

Motions to strike are disfavored "because the motions may be used for delay[] tactics and because of the strong policy favoring resolution of the merits." Barnes v. AT&T Pension Benefit Plan-NonBargained Program, 782 F.Supp.2d 1167, 1170 (N.D. Cal. 2010). A decision on plaintiff's motion to strike, whether in plaintiff's favor or defendants' favor, will have little to do with the merits of the case, nor will a decision advance or delay this litigation in any significant way. Coming early in the case, the instant motion is unlikely to have been brought for delay or other inappropriate reason.

---

[1]Docket No. 44.

Motion to Strike                                                                                                          - 1 -

The parties will do well to focus upon the interesting issue which this case presents flowing from the fact that defendant Mountain America, a cooperative financial institution, and defendant Financial Assistance, a debt collector, have both reported to credit reporting agencies, such as defendant Experian Information Solutions, Inc., the same debt, such that the charge-off debt owed by plaintiff appears on credit reports twice.

Relying upon Rule 8, Federal Rules of Civil Procedure, in both the instant motion and in plaintiff's reply memorandum the plaintiff seeks the dismissal of Mountain America's answer to plaintiff's first amended complaint.[2] However, plaintiff's motion to strike is in fact narrowly focused on Mountain America's denial of paragraphs 18 and 20 of plaintiff's first amended complaint and Mountain America's first, fourth, and sixth affirmative defenses.

Rule 8, Federal Rules of Civil Procedure, requires that a party's answer "admit or deny the allegations asserted against it by an opposing party[,]" Fed. R. Civ. P. 8(b)(1)(B), that "[a] denial must fairly respond to the substance of the allegation[,]" Fed. R. Civ. P. 8(b)(2), and that when a party "intends in good faith to deny only part of an allegation" the answering party "must admit the part that is true and deny the rest[,]" Fed. R. Civ. P. 8(b)(4). Mountain America's answers to paragraphs 18 and 20 do not comport with the spirit of Rule 8. Paragraph 18 of the first amended complaint alleges that: "[d]espite the assignment of the deficiency balance to the debt collector, Mountain America continues to report a balance of $13,651.00 and updates the account as 'charge off.'"[3] Mountain America's answer denies paragraph 18, "[b]ased on the way

---

[2]Motion to Strike at 8, Docket No. 44, and Reply to Defendant's Response to Plaintiff's Motion to Strike at 3, Docket No. 49.

[3]First Amended Complaint at 4, ¶ 18, Docket No. 36.

Paragraph 18 is characterized[.]"[4] Paragraph 20 of plaintiff's first amended complaint alleges that "Mountain America's reporting of the deficiency balance is concurrent with Financial Assistance's reporting of the same debt."[5] Mountain America's answer denies paragraph 20, "[b]ased on the way Paragraph 20 is characterized[.]"[6] Mountain America could have – should have – explained what characterizations in paragraphs 18 and 20 that it took issue with. It is clear to the court that Mountain America could have – and should have – admitted at least some factual aspects of paragraphs 18 and 20.

Plaintiff's motion to strike is granted as to paragraphs 18 and 20 of Mountain America's answer to the first amended complaint.

By its first affirmative defense, Mountain America asserts that plaintiff has failed to state a claim upon which relief can be granted based upon Rule 12(b)(6), Federal Rules of Civil Procedure. In this affirmative defense, Mountain America makes reference to its motion to dismiss[7] which was decided by the court's order of August 3, 2018.[8] In that order, the court concluded that plaintiff's Fair Credit Reporting Act claim against Mountain America was plausible, and therefore not subject to dismissal. However, because of other problems with plaintiff's original complaint, the motion to dismiss the Fair Credit Reporting Act claim against Mountain America was granted with leave to file

---

[4]Mountain America Federal Credit Union's Answer to First Amended Complaint at 3, ¶ 18, Docket No. 41.

[5]First Amended Complaint at 5, ¶ 20, Docket No. 36.

[6]Mountain America Federal Credit Union's Answer to First Amended Complaint at 3, ¶ 20, Docket No. 41.

[7]Docket No. 16.

[8]Docket No. 35.

an amended complaint.[9]  In due course, plaintiff's first amended complaint was served and filed, adding an additional defendant:  Financial Assistance, Inc.[10]

The court having already rejected Mountain America's Rule 12(b)(6) contention that plaintiff's claim was implausible, reassertion of Mountain America's first affirmative defense in its answer to plaintiff's first amended complaint is superfluous and is stricken.

Mountain America's fourth affirmative defense "asserts all protections and defenses set forth in Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq."[11]  A party pleading an affirmative defense must give the plaintiff fair notice of the defense being claimed.  Simmons v. Navajo County, 609 F.3d 1011, 1023 (9th Cir. 2010).  This is not a heightened pleading requirement such as arises with claims of fraud.  Mountain America's assertion of "all protections and defenses" is marginally better than an attempt to claim "all possible affirmative defenses" without specifying any one.  What Mountain America adds with its reference to the Fair Credit Reporting Act gives plaintiff little notice of what protection or defense is actually being claimed.

Mountain America's fourth affirmative defense is stricken.

Finally, Mountain America's sixth affirmative defense opens with "Unstated Affirmative Defenses[.]"[12]  Mountain America's sixth affirmative defense, like its fourth affirmative defense, suffers from a fair notice problem.  The balance of Mountain America's sixth affirmative defense calls attention to the fact that discovery may develop

---

[9]Order re Motion to Dismiss; Motion to Amend at 11 (Aug. 3, 2018), Docket No. 35.

[10]Docket No. 36.

[11]Mountain America Federal Credit Union's Answer to First Amended Complaint at 9, ¶ 4, Docket No. 41.

[12]Id. at 9, ¶ 6.

a basis for some presently unasserted affirmative defense. Certainly that is possible. The scheduling and planning order entered in this case makes provision for motions to amend pleadings until September 28, 2018. Thereafter, motions to amend are still possible upon compliance with Rule 15 and Rule 16(b)(4).

Mountain America's sixth affirmative defense is stricken for lack of fair notice.

Plaintiff's motion to strike is granted, with leave to Mountain America to file an amended answer with respect to paragraphs 18 and 20 of plaintiff's first amended complaint. Plaintiff's motion to strike is granted as to Mountain America's first, fourth, and sixth affirmative defenses, with leave to amend Mountain America's fourth affirmative defense. For the reasons stated, leave to amend is denied as to Mountain America's first and sixth affirmative defenses. Mountain America's amended answer shall be served and filed on or before October 4, 2018.

DATED at Anchorage, Alaska, this  20th  day of September, 2018.

/s/ H. Russel Holland
United States District Judge